Opinion of the court by
Mr. Justice Tuknee."
The defendant in the court below was indicted for retailing spirits, &c. in less quantity than one gallon, and being convicted and sentenced to fine and imprisonment, he prayed for and obtained an appeal to this court.
It has become necessary for the court to decide whether an appeal is given by our statutes in criminal cases, as the practice of allowing appeals in such cases in the superior and inferior courts of the state is becoming common.
We are of opinion that our statutes do not provide for appeals in such cases, and it is very certain that the common law does not. Our several courts of justice are constituted, and the proceedings therein regulated by our constitutional and statute laws. The common law comes in aid of the statute law by furnishing rules of construction; rules founded in reason, and sanctioned by usage time out of mind.
The circuit courts under both the old and the new constitutions of this state, had general jurisdiction, both civil and criminal; and the Acts of 1822, Rev. Code, provided in ch. 13, for the mode of trial, appeals, writs of error, and all other remedial writs and proceedings, in the most ample and comprehensive manner.
The 148th sec. of the Act of 1822, Rev. Code, p. 138, is as follows: “The said circuit courts, when a question new or difficult arises on which the judge may doubt as to the rule of decision, may adjourn such question or matter of law, to the next supreme court; or any party thinking himself or herself aggrieved by the judgment of the said courts, may appeal therefrom, as of *51 right; and the party praying such appeal shall enter into bond, with good and sufficient security, to be approved of by the court, in such penalty as such court shall direct, with condition to pay the amount of the recovery, and all costs and damages awarded, in case the judgment or sentence be affirmed: and where several appeal, bond and security being given by any party, shall be sufficient: and the judge of any circuit court, may, at his discretion, with the consent of the person accused, on a point reserved, motion in arrest of judgment, or for a new trial, in any criminal case, respite the judgment or sentence, and reserve such point or motion for the consideration and decision of the supreme court, at their next succeeding term; which may be there argued and decided, though such accused person be not present; and the supreme court shall pronounce such sentence or judgment as the circuit court ought to have pronounced, and in case the same be against the person accused, to award execution accordingly. (By the 9th sec. of the supreme court law, page 151, the sheriff of the proper county shall be charged with the execution of such sentence.) And in all cases not capital, so removed into the supreme court, the defendant shall- enter into recognizance, with one or more good and sufficient securities, to be approved of by the judge of the circuit court, in which the prosecution is pending, in such sum as shall be directed by said court, to appear before the supreme court at their next succeeding term, and abide the sentence or judgment which may be there pronounced against him.”
The same act gives full power to the judges to grant writs of error in all cases.
The act of March 2, 1833, organizing the circuit courts under the new Constitution, again provides for appeals “ in all controversies in law and equity depending in the circuit courts, to every suitor and party litigant,” and refers generally to the act of 1822, as to the rules and regulations for the government of the courts thus newly organized.
Here we find ample authority and provision for appeals, in civil and criminal cases, and the general words of those acts have been construed by some to give an appeal in all cases. But when *52 the terms and conditions on which appeals- are allowed are examined, we find terms and expressions, showing that appeals are allowable only in civil actions. The condition of an appeal bond, for instance, and the bond itself, shows the sense and moaning of these several acts, and the intention of the legislature. Such as a bond to the opposite party; and the condition thereof, to pay and satisfy the judgment, damages and costs. This certainly cannot be construed to apply to judgments and sentences of imprisonment, whipping, hanging, &c.
In the section first above quoted, we find provision for appeal bonds, for civil suits, and of recognizances, for criminal cases. Also, in writs of error, the judge or clerk granting a writ of error, and supercedeas, in a civil case, will take a bond payable to the opposite party; and in criminal cases, recognizances to the state. The condition of an appeal or writ of error bond in a civil case is quite different from the condition of a recognizance in a-criminal case.
There are some loose and general expressions in one or more of the acts of assembly, which, at first sight might be construed, so as to give an appeal in a criminal case. Such is a section in the act establishing the late criminal court, which reads as follows: “ All the provisions in relation to appeals and writs of error in criminal cases in the circuit courts of this state, shall be applicable to said criminal courts in the same manner, and under the rules, restrictions, and regulations, as they are now applicable to said circuit courts.” Howard & Hutchinson’s Digest, p. 497, sec. 64.
But these general terms are not deemed sufficient to give the right of appeal. This last statute, refers generally to the acts giving appeals, &c., and these have been already shown and explained.
If the general words used in these several acts, could be considered as giving appeals in criminal cases, the State would have an equal right with the “ opposite party.” But this would be incongruous, and probably unconstitutional, as a party accused of a crime has a right to a speedy trial — and, by the act of 1822,_ above quoted, sentence could be respited, in a case proposed to *53 be sent up on doubts, only with consent of the accused. And again, in case the state could be considered as having a right to appeal, she could not give “bond and security.”
The provisions of the law are ample, in affording criminals the benefit of writs of error, to have their cases reviewed by this court, whenever they claim the right.
This suit, and all others of the kind now before us, must be stricken from the docket, as having been improvidently brought here.